FILED

05/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0174

DA 21-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 101N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

WILLIAM EARL CUNNINGHAM,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-2014-640
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Julie Mees, Deputy County
Attorney, Billings, Montana

Submitted on Briefs: April 19, 2023

Decided: May 30, 2023

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Following trial in March 2017, William E. Cunningham (Cunningham) was convicted of deliberate homicide committed with a dangerous weapon. There were multiple objections and evidentiary rulings throughout the trial. Cunningham appealed. Upon appeal, this Court concluded the District Court erred by excluding statements the victim made to Cunningham as hearsay and erred by prohibiting even a limited inquiry into the credibility of the State's medical expert, Dr. Bennett, based on his misconduct of providing false testimony in unrelated cases and the State's termination of his employment. We determined these errors denied Cunningham of his right to a fair trial, reversed his conviction, and remanded the matter back to the District Court for a new trial. *State v. Cunningham*, 2018 MT 56, 390 Mont. 408, 414 P.3d 289.

¶3 Following remand, Cunningham appeared before the District Court on April 6, 2018. Bond was set, but not posted, and Cunningham remained incarcerated through trial. The parties agree that between Cunningham's initial appearance—on April 6, 2018—after the remand for new trial and Cunningham's second trial, 861 days passed.

¶4 The District Court first set trial for October 9, 2018. Cunningham sought a continuance, acknowledging he "cannot claim that [the time between his acknowledgement

and the re-set trial date] as time that is a violation of his right to speedy trial." Trial was re-set for April 1, 2019. On February 20, 2019, Cunningham again sought continuance of trial, asserting "[d]efense counsel needs more time to prepare, consult with experts, interview witnesses and conduct discovery." Cunningham acknowledged "the time period from the date of issuance of the Order granting the continuance of the jury trial setting dates to the date of the new trial set for November 4, 2019[,] will count against him in a speedy trial analysis." Trial was re-set for November 4, 2019. On September 27, 2019, Cunningham again sought continuance of the trial asserting the State had over 3,000 pages of undisclosed discovery related to Dr. Bennett[1] and based upon the defense's continuing investigation. The State responded that although it did not object to the continuance, it did oppose any delay associated therewith being charged to the State. The State advised that the defense "already had any materials regarding Dr. Bennett in the possession of the State (i.e. anything available to the prosecution and the investigating law enforcement agency)[,]" had no intention of presenting the victim as having been in the military, had not impeded the defense's access to witnesses, and had disclosed details of any alleged burglary investigation.[2] Trial was re-set for February 21, 2020. On January 21, 2020, Cunningham filed another motion to continue the trial, asserting "[d]efense counsel needs

---

[1] Upon remand for a new trial, the State determined it would not use Dr. Bennett as its medical expert and instead identified Dr. Robert Kurtzman, a forensic pathologist, and Dr. Toby Wolson, a bloodstain analyst. Both of these experts reviewed Dr. Bennett's autopsy report in their respective reviews of the case and in forming their expert opinions.

[2] This was in response to various additional assertions made in the affidavit and brief accompanying Cunningham's motion to continue trial.

more time to prepare, consult with experts, interview witnesses and in particular conduct discovery" and that "Defendant will file an Acknowledgment of Delay for Speedy Trial Purposes upon issuance of the [c]ourt's Order continuing trial." Trial was re-set for August 14, 2020. On May 26, 2020, Cunningham filed a Motion to Dismiss for Denial of Right to Speedy Trial. On June 5, 2020, the State filed its response resisting the motion. On July 29, 2020, the District Court issued its Order Denying Defendant's Motion to Dismiss for Lack of Speedy Trial. Upon retrial commencing August 14, 2020, Cunningham was found guilty of deliberate homicide. Cunningham appeals the July 29, 2020 Order Denying Defendant's Motion to Dismiss for Lack of Speedy Trial issued by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶5 A speedy trial violation presents a question of constitutional law that this Court reviews de novo to determine whether the district court correctly interpreted and applied the law. *State v. Ariegwe*, 2007 MT 204, ¶ 119, 338 Mont 442, 167 P.3d 815. This Court reviews a district court's findings of fact underlying a speedy trial claim for clear error. *State v. Reynolds*, 2017 MT 25, ¶ 13, 386 Mont. 267, 389 P.3d 243. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been made. *Ariegwe*, ¶ 119; *Reynolds*, ¶ 13.

¶6 A defendant is guaranteed the right to a speedy trial by the Sixth and Fourteenth Amendments of the United States Constitution and by Article II, Section 24, of the Montana Constitution. *Ariegwe*, ¶ 20. Asserted speedy trial violations are analyzed by

4

balancing four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's responses to the delay; and (4) the prejudice to the accused as a result of the delay. *Ariegwe*, ¶ 113.

¶7 Here, in its 19-page Order, the District Court thoroughly and conscientiously considered and balanced the four *Ariegwe* factors and appropriately concluded Cunningham's right to speedy trial was not violated.

¶8 For the first *Ariegwe* factor the District Court concluded the length of delay—861 days between April 6, 2018, when Cunningham was initially detained and trial on August 14, 2020—well exceeded the 200-day threshold such that balancing the *Ariegwe* factors was required.

¶9 Next, the court considered the second *Ariegwe* factor, the reasons for delay. The District Court correctly found the first period of delay—the 186 days from April 6, 2018, to the first trial setting on October 9, 2018—was due to the court's docket and not subject to the control of either the prosecutor or the defense and was thus institutional delay.

¶10 The District Court found the second period of delay—the 174 days from October 9, 2018, to April 1, 2019—was attributable to Cunningham. From our review of the record, we find no error with this conclusion. Cunningham requested the continuance and acknowledged he could not claim this time is a violation of his right to speedy trial.

¶11 The District Court found the third period of delay—the 217 days from April 1, 2019, to November 4, 2019—was attributable to Cunningham. From our review of the record, we find no error with this conclusion. Cunningham requested the continuance and again acknowledged he could not claim this time is a violation of his right to speedy trial.

¶12 The District Court found the fourth period of delay—the 109 days from November 4, 2019, to February 21, 2020—was attributable to Cunningham. From our review of the record, we find no error with this conclusion. Although in his request to continue trial Cunningham asserts late disclosure of discovery by the State, he failed to fully describe the context within which he made these allegations. The purported late disclosure by the State primarily involved documents related to Dr. Bennett's prior misconduct in other unrelated matters.[3] Despite Cunningham having notice of Dr. Bennett's prior misconduct before his initial appearance after remand, Cunningham waited until September 20, 2019 (45 days prior to the November 4, 2019 trial date and 533 days after his initial appearance) to request this information directly from the Department of Justice.[4] Although the prosecution did not possess this information, it facilitated its discovery and requested an *in camera* review by the District Court prior to its release to Cunningham. Given the totality of the situation, it was not error for the District Court to attribute this period of delay to Cunningham.

¶13 The District Court found the fifth period of delay—the 175 days from February 21, 2020, to August 14, 2020—was attributable to Cunningham. Cunningham requested trial be continued as "[d]efense counsel needs more time to prepare, consult with experts,

---

[3] In his first appeal Cunningham asserted the District Court committed reversible error, and this Court agreed, for not permitting him to have even limited inquiry of Dr. Bennett's credibility on cross-examination relating to his purportedly false testimony in other matters.

[4] As previously indicated, the prosecution and the investigating law enforcement agency had already provided Cunningham all information in their possession regarding Dr. Bennett and did not have the information sought by Cunningham.

interview witnesses and in particular conduct discovery" and indicated "Defendant will file an Acknowledgment of Delay for Speedy Trial Purposes upon issuance of the [c]ourt's Order continuing trial." Although Cunningham now, and in his motion to dismiss for speedy trial violation, asserts this delay was attributable to the State due to the State's late disclosure of Dr. Wolson's report,[5] Cunningham did not assert any issue as to non-disclosure of discovery or other issue with the State at the time he sought continuance of the trial date. In its order denying Cunningham's speedy trial motion, the District Court thoroughly explained the procedural history and timeline, the lack of merit to Cunningham's asserted discovery violations, and the court's prior conclusions "that [Cunningham's] claims were unsupported by the facts." The District Court concluded "Defense Counsel's claims are supported by nothing more than innuendo." From our review of the record, even had the State disclosed its expert reports earlier, Cunningham was not prepared to go to trial on February 21, 2020, as he was still conducting investigation and forming a theory of defense. While the State was not as timely as it

---

5 Specifically, Cunningham contends he requested additional time to retain an expert witness because the State failed to disclose Dr. Wolson's report until November 25, 2019. In July 2019, the State emailed Cunningham's counsel to confirm counsel had received Dr. Wolson's report. Cunningham's counsel failed to respond to this email. Upon learning in an October 2019 hearing that Cunningham's counsel did not yet have Dr. Wolson's report, the State indicated it would promptly provide it but did not do so until November 25, 2019. At a motions hearing on February 10, 2020, Cunningham's counsel argued the case was complex and he needed additional time to prepare for trial by interviewing witnesses, reviewing discovery, investigating the purported burglary of Cunningham's house, and gathering more evidence—which continued as late as May 2020 when Cunningham was still investigating the victim and making record requests from Glacier County. At the time of the hearing, although Cunningham had retained an expert a few days earlier, that expert recused himself and Cunningham filed a notice on March 30, 2020, that he had retained a different expert.

should have been in providing its expert reports, we find no error with the District Court assigning this period of delay to Cunningham.

¶14     Throughout the case the State did not seek delay or engage in ongoing tactics which might create delay.  In sum, the District Court properly determined of the 861 days of delay, 675 of those days were attributable to Cunningham and 186 to institutional delay.  Pursuant to *Ariegwe*, the District Court appropriately weighed this institutional delay less heavily against the State.

¶15     For the third *Ariegwe* factor, the District Court concluded Cunningham "directly acknowledged responsibility for two periods of delay[,]" made "untimely requests for discovery[,]" and failed to timely respond to the State as indicators that Cunningham did not show any genuine interest in his speedy trial right until he filed his motion—777 days after his initial appearance.  While it is accurate that with each of his requests for continuance of trial, he indicated he did not want continuances way off in the future, it is not accurate that most of the continuances he requested were due to the State's conduct. The District Court accurately outlined the procedural history of the continuances as well as the State and Cunningham's actions throughout the litigation.  We find no error in the District Court's analysis of Cunningham's response to the delay.

¶16     For the fourth *Ariegwe* factor, Cunningham asserts there is a strong presumption of prejudice which the District Court ignored.  We do not agree.  The District Court considered whether the substantial delay prejudiced Cunningham in terms of oppressive pretrial incarceration, his anxiety and concern, and possible impairment of his defense by loss of witness recall or loss of exculpatory evidence.  The District Court thoroughly

8

discussed the complex nature of the charges; the extensive discovery; and that Cunningham provided no particular fact to support his characterization that the State treated him unfairly while he was incarcerated pretrial. Although he asserts the State used the pretrial delay period to gather evidence against from his communications with others, his communications with others about his case over recorded phone lines from the detention facility were entirely within his control. "Lengthy pretrial incarceration is considered less oppressive when a defendant faces complex charges, rather than simple ones." *State v. Hesse*, 2022 MT 212, ¶ 16, 410 Mont. 373, 519 P.3d 462 (citing *Ariegwe*, ¶ 91). Here, Cunningham does not, other than the sheer length of the pretrial incarceration, demonstrate any condition of incarceration to be oppressive. Although he experiences some chronic medical conditions, he was not denied medical treatment and failed to show any inadequacy of medical treatment.[6] Compared to other individuals facing a deliberate homicide charge, Cunningham failed to show he was treated unfairly or oppressively in his pretrial incarceration.

¶17 Cunningham was charged with deliberate homicide, a very significant offense, which by its nature no doubt produces significant anxiety and stress. Cunningham, however, has not established the anxiety and stress he experienced was of a greater degree or severity as compared to others facing similar charges.

¶18 Finally, with regard to the most important prejudice factor—impairment of defense—the District Court found Cunningham presented no evidence of loss of witnesses

---

[6] In fact, while incarcerated he received a new pacemaker.

or evidence and no impairment of his defense. Cunningham has not noted any particular piece of evidence lost, or unavailability of any particular witness. Further, the District Court noted that Cunningham's counsel had advised the court on more than one occasion that the continuances permitted him to obtain new evidence that would have otherwise been unavailable. Although the significant 861-day delay weighed in Cunningham's favor, the complex nature of the case, the lack of intentional delay on the part of the State, and Cunningham's responsibility for most of the delay outweighed the prejudice presumed with such a length of delay.

¶19     In sum, Cunningham has failed to demonstrate error on the part of the District Court in denying his motion to dismiss based on his asserted claim of violation of his right to a speedy trial. The District Court's findings are supported by the record, and it correctly interpreted and applied the law.

¶20     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21     Affirmed.

                                              /S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE